UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL and MELODY DEN BESTE,  No. 10-13558

                              Debtor(s).
_____/

MANDY POWER,

                              Plaintiff(s),

      v.  A.P. No. 11-1184

PAUL and MELODY DEN BESTE,

                              Defendant(s).
_____/

Memorandum After Trial
_____

      Chapter 7 debtors and defendants Paul and Melody Den Beste filed a Chapter 13 petition on September 15, 2010. The case was converted to Chapter 7 on October 22, 2010, at their request. Plaintiff Mandy Power is the assignee of several state court judgments against the Den Bestes. In this adversary proceeding, Power seeks denial of the Den Bestes' discharge pursuant to § 727(a)(4)(A) on grounds that they knowingly and fraudulently filed materially false schedules.

      The Den Bestes filed their schedules on September 29, 2010. Their meeting of creditors was

1

held on December 7, 2010.  Seeing that Power was attending, the Den Bestes informed the Chapter 7 trustee that they had neglected to schedule 60 acres of land that they owed in Lake County, California. They testified that with this sole exception their schedules were complete and that all assets were listed.  When asked about their vehicles, they testified that the ones they drove were owned by their corporation and had never been in their names.  On further questioning, they admitted for the first time that they held an interest in a family trust.

This adversary proceeding was filed on July 6, 2011.  On August 10, 2011, more than eight months after the meeting of creditors and after the adversary proceeding was filed, the Den Bestes finally filed amended their schedules.  They finally listed the Lake County real property, which they noted as being owned free and clear.  They did not add any more vehicles.  They answered "none" when asked to list all interests in corporations and "none" when asked to list any interests in trusts.

The original schedules were grossly false, and the amended schedules only slightly less so. Records from the Department of Motor Vehicles produced at trial by Power show that the Den Bestes owned several vehicles, including a Hummer, a Corvette and a Harley Davidson Motorcycle.  The Den Bestes stuck to their story that the Hummer and the Corvette were owned by their corporation despite the DMV records.  They admit that the Harley Davidson was theirs and had never been scheduled. Neither the original schedules nor the amended schedules listed the corporation itself or the interest in the family trust.

The court has no difficulty seeing why the Den Bestes filed false schedules and attempted to conceal their assets.  Powers is their principal creditor.  They believe that the judgments assigned to her were wrongly made by the state court and that the state court ruled improperly in holding that the judgments are enforceable.  The Den Bestes therefore feel justified in obstructing their enforcement. This attitude is fully apparent in their responses to discovery in trial Exhibit 7.

The court finds that the Den Bestes knowingly and fraudulently filed false schedules under oath with the intent to thwart Power in her efforts to enforce the judgments lawfully assigned to her and with the intent to conceal material assets from her.  The Den Bestes are accordingly not entitled to a

2

discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code, as well as § 727(a)(2)(B).

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. An appropriate form of judgment denying the discharge will be entered.

Dated: March 19, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3